# IN RE MOESER.

PATENTS; PATENTABILITY; FORM OF CONTRACT; NOVELTY.

1. A form of proposed contract to be entered into with individuals desiring the benefit of burial insurance or guaranty, with blanks attached and readily separable therefrom, which, in addition to the ordinary draft for payment, show the several certificates required in order to provide,

as far as practicable, against the perpetration of frauds upon the insurer or guarantor, is not of a patentable nature.

2. *Semble*, that a form of proposed contract to be entered into with individuals desiring the benefit of burial insurance or guaranty, with blanks attached and readily separable therefrom, which, in addition to the ordinary draft for payment, show the several certificates required in order to provide, as far as practicable, against the perpetration of frauds upon the insurer or guarantor, is unpatentable for want of novelty.

No. 306.  Patent Appeals.  Submitted March 14, 1906.  Decided April 3, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents refusing an application for a patent.  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. H. C. Evert & Co.* and *Mr. J. B. Connolly* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal [by Henry B. Moeser] from the decision of the Commissioner of Patents denying an application for a patent for a protective system of contracts.

The form of contract described is one adopted by the Burial League of the United States, whereby it undertakes, in consideration of yearly payments to be made by the applicant for the benefit, to furnish and pay for the burial of the party at a cost not less than $100. The application embodies seventeen claims. It is unnecessary to recite all of these claims, as numbers 3 and 17 fully indicate the character of the alleged invention. They read as follows:

"3. An instrument embodying a contract to be executed by a company and an individual, with a series of provision and agreement clauses, a draft attached to and made a part of the in-

strument, in which draft a depository agrees to pay to a designated party or parties the sum involved in the contract, an acceptance attached to said draft to be executed by said designated party or parties, certifying statements to be executed by disinterested parties to the contract certifying to the genuineness of certain facts within their knowledge relating to the contract, a release clause to be executed by a claimant of the individual, and a notarial certification as to the genuineness of the signatures of the certifying statements and release clause, substantially as described."

"17. The herein-described commercial-contract instrument, comprising a single paper containing a contract between a company and an individual, a contract acceptance to be signed by an undertaker upon said undertaker assuming charge of the remains of a nominee named in said contract, said acceptance contract adapted for detachment from the contract paper whereby the contract acceptance may be forwarded by the undertaker to the aforesaid company, a draft in said contract paper negotiable only after the death of the said nominee named in the contract paper, declaratory statements embodied in the contract paper to be signed by designated parties whose signatures are to be obtained thereto by the undertaker, and an attesting statement to be executed by the undertaker certifying to the genuineness of the signatures obtained to the declaratory statements, said attesting statement, the draft, and the declaratory statements being inseparable one from the other, and separable in unison from the contract paper."

While it may be true, as alleged, that certain arrangements of printed sheets of paper, for use as bank checks, or for preserving records of certain payments and transactions, in books or the like, may have been patented, from time to time, as amounting to an "art, machine, manufacture, or composition of matter," within the meaning of the patent laws of the United States, we agree with the Commissioner of Patents that the invention here claimed does not come within that classification. It is nothing more than a form of proposed contract to be entered into with individuals desiring the benefit of burial insurance or guaranty, with blanks attached and readily separable

therefrom, which, in addition to the ordinary draft for payment, show the several certificates required in order to provide as far as practicable, against the perpetration of frauds upon the insurer or guarantor.

Each form of proposal is one for entry into, and performance of, a distinct contract, and there is no physical construction or combination that can convert it from a mere contract into a tangible device or manufacture.

The business of indemnity or insurance against very many of the casualties of life and human affairs has grown to immense proportions in modern times. The several species of contracts, therefore, are of a generic character, and require in their final performance some kind of certificate or proof of loss as well as ordinary drafts for payment where so provided. The form of such contracts or proposals for contracts, devised or adopted as a method of transacting a particular class of this business, is not patentable as an art.

This conclusion of the Commissioner, which we approve, has the support of a decision of the circuit court of the southern district of New York. *United States Credit System Co.* v. *American Credit Indemnity Co.* 63 Off. Gaz. 318; C. D. 1893, 282.

Moreover, even if the invention claimed was of a patentable nature, we would not be prepared to hold that there was error in denying it for want of novelty. *United States Credit System Co.* v. *American Credit Indemnity Co.* 63 Off. Gaz. 318, Affirmed on appeal in 8 C. C. A. 49, 20 U. S. App. 172, 59 Fed. 139; *Munson* v. *New York,* 124 U. S. 601, 31 L. ed. 586, 8 Sup. Ct. Rep. 622.

The decision appealed from will be affirmed, and the clerk will certify the proceedings and decision of this court to the Commissioner of Patents.                    *Affirmed.*